IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert William Lombardo, ) | C/A No.: 6:15-4617-HMH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Charles Sims Propst, Jr.; John I ) | |
| Mauldin; and the County of Greenville, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Robert William Lombardo ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Greenville County Detention Center ("GCDC"). He filed this action pursuant to 42 U.S.C. § 1983 against the County of Greenville and Greenville County public defender Charles Sims Propst, Jr. ("Propst") and chief public defender John I. Mauldin ("Mauldin") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges Defendants violated his constitutional right to a speedy trial and due process. [ECF No. 1 at 2]. Plaintiff claims Propst was appointed to represent him on criminal charges in October 2014. *Id.* at 3. Plaintiff argues he repeatedly asked Propst to

file a motion for a speedy trial and states Propst finally refused to file the motion on August 24, 2015. *Id.* Plaintiff alleges he complained to the Greenville County Public Defender's office about Propst and was told he could file a motion to relieve counsel. *Id.* at 4. Plaintiff states he notified Mauldin's representative "of the malicious and willful deprivation of [his] constitutional rights," and claims Mauldin refused to act to protect him. *Id.* Plaintiff alleges Greenville County failed to ensure he was appointed competent and effective counsel and allowed Propst and Mauldin to "maliciously usurp [his] right to a speedy trial and deny [him] due process of law." *Id.* at 5. Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id*. at 8.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.     Greenville County Public Defenders Propst and Mauldin

Plaintiff alleges Propst failed to provide him with effective legal representation because he refused to file a motion for a speedy trial. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). As the performance

of traditional legal functions does not constitute state action under § 1983, Propst is entitled to summary dismissal from this case. Mauldin is also subject to summary dismissal, as Plaintiff fails to provide any factual allegations to demonstrate Mauldin violated Plaintiff's constitutional rights. Plaintiff's speculation and conjecture about Mauldin's purported inaction concerning Plaintiff's complaints about Propst's representation is insufficient to state a constitutional claim. *See United States v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (finding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that [defendants] are not required to file unnecessary responses to speculative allegations."). Accordingly, Propst and Mauldin should be summarily dismissed from this matter.

    2.  The County of Greenville

Plaintiff alleges a violation of his constitutional rights by the County of Greenville. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), a municipality or other local government entity may be held liable under § 1983 "only where the constitutionally offensive actions of [] employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

inflicts injury.'") (citing *Monell*, 436 U.S. at 694). Further, the doctrine of respondeat superior is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent official policy or custom resulting in an illegal action. *Monell*, 436 U.S. at 694–95. Plaintiff fails to identify any governmental policy or custom of the County that caused his constitutional rights to be violated. At most, Plaintiff attributes to the County, in a conclusory fashion, the alleged wrongful acts of Propst and Mauldin. As such, Plaintiff's claims against the County of Greenville are subject to summary dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

December 1, 2015                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).